UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, CDCR #H-74821,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT T. KERNAN; DANIEL PARAMO; E. ALVAREZ; IGNACIO BRAVO; S. HALL; J. JUAREZ; B. VOGEL; M. VILLAFUERTE; P. BRACAMONTE; P. COVELLO,<br><br>Defendants. | Case No.: 3:18-CV-02313 JLS (MSB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING DEFENDANT KERNAN PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b), AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>(ECF No. 2) |

Plaintiff Felipe Garcia, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. section 1983, on October 6, 2018. *See* Compl., ECF No. 1, at 1. Plaintiff did not pay the filing fee required by 28 U.S.C. section 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. section 1915(a). *See* ECF No. 2.

/ / /

/ / /

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. section 1915(a). *See Andrews v. Cervantes* ("*Cervantes*"), 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A prisoner granted leave to proceed IFP, however, remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King* ("*King*"), 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* IFP Mot. at 5–9; ECF No. 3 at 1–4; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ.L.R. 3.2; *King*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $148.69, had an average monthly deposit of $55.21 credited to his account over the 6-month period immediately preceding the filing of his Complaint, and an available balance of $95.60 on the books at the time of filing. *See* ECF No. 3 at 1, 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $29.73 pursuant to 28 U.S.C. section 1915(b)(1). The Court will further direct the Acting Secretary of the CDCR, or his designee, to collect this initial $29.73 filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. section 1915(b)(2).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.     *Plaintiff's Allegations*

Plaintiff claims that between the months of February and September 2017, he was engaged in settlement negotiations in Civil Case No. CV-14-00625 LJO-SAB, which he had filed in the Eastern District of California. *See* Compl. at 5–6. During that time, Plaintiff claims Defendant Bravo escorted him from his assigned job to meet with a Deputy Attorney General and, as a result, Bravo "found out . . . [he] was suing CDCR." *Id.* at 6.

On July 24, 2017, Plaintiff claims Defendants Bravo and Alvarez arrived at his worksite to inspect for contraband. When none was found, Plaintiff claims Bravo escorted

him "out of site," pushed him against a wall, and conducted a "strip search in a very truculent and disrespectful" manner by "grabbing [his] privates." *Id.* After Bravo re-cuffed Plaintiff and ordered him to dress, Bravo escorted Plaintiff back to Alvarez and "commented" that Plaintiff was "suing CDCR." *Id.* at 6–7. Plaintiff contends that Alvarez stated, "[H]ere at Donovan we don't care if you sue us," and that Bravo "emphasized that his sexual and retaliatory harassment was because of [Plaintiff's] lawsuits" and "voiced a credible threat[:] 'You better quit or else it's going to get real bad for you.'" *Id.* at 7. On the next day, Plaintiff claims Bravo again threatened that it Plaintiff didn't "quit voluntarily," he would "write [Plaintiff] up a '115' violation to get [him] fired." *Id.* at 7.

Two days later, on July 27, 2017, Plaintiff claims Bravo "made his promise true," and issued a "false" CDC 115 Rule Violation Report charging Plaintiff with "overfamiliarity" and "fired Plaintiff from [his] job." *Id.* While Plaintiff was later found not guilty of the disciplinary offense, he claims Bravo denied him access to his job, and "commented that [he] would not get [it] back due to [the] submi[ssion of]a 602 staff complaint." *Id.* at 7–8. Plaintiff claims he was eventually allowed back to work on October 17, 2017, after which Warden Paramo "authored a letter" finding Plaintiff's claims of retaliation on Bravo's part "unfounded." *Id.* at 8.

Several months later, on February 6, 2018, Plaintiff claims that Bravo again "falsified [and] altered a[n] incident report alleging Plaintiff [had] threatened to kill a sub-contractor-supervisor." *Id.* Plaintiff was "illegally placed in Ad-Seg" due to "false Rule Violation [Report] ("RVR") Log No. RJD-CEN-18-02-0072." *Id.* at 9. Plaintiff contends Bravo again commented, "That's what happens when you file lawsuits," and that Bravo "pressured" Defendant Hall to "write fictitious and false reports to have [him] removed from his job assignment in retaliation for [Plaintiff's] filing [a] sexual misconduct staff complaint and lawsuits." *Id.* at 9, 11.

Plaintiff contends that as a result of this second "false" RVR, he was retained in Ad-Seg "past [his] earliest release date," and "stripped of his privileges [and] credits" as the result of a "kangaroo hearing" during which Defendants Villafuerte, Bracamonte, Paramo,

Covello, Juarez, and Vogel also violated his rights to due process in retaliation for his having exercised his First Amendment rights. *Id.* at 9–10, 11–12, 14, 15–16.

### C. *42 U.S.C. § 1983*

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D. **Respondeat Superior**

In addition to the RJD officials named as Defendants, Plaintiff also names the former Secretary of the CDCR, Scott Kernan, as a party to this case. *See* Compl. at 1, 3. Plaintiff's only allegation as to Kernan, however, is that he is "responsible for the management of all California Correctional State Prisons," and that he "tolerates abuse" which "create[s] a corrupt culture," "the code of silence[,] and green wall." *Id.* at 3, 12–13.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Community Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Thus, in order to avoid the *respondeat superior* bar, Plaintiff must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, including personal acts by each individual defendant that show a direct, causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

6

3:18-CV-02313 JLS (MSB)

Plaintiff's Complaint sets forth no facts which might be liberally construed to support any individualized constitutional claim against Secretary Kernan or establish any causal connection between Kernan and the RJD officials who are alleged to have personally used excessive force and/or retaliated against Plaintiff. Therefore, the Court finds *sua sponte* dismissal of Defendant Kernan is required pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### E.  *Excessive Force and Retaliation*

As to Plaintiff's excessive force and retaliation allegations against the remaining RJD Defendants, the Court finds his Complaint contains plausible claims sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. sections 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm") (citing *Hudson*, 503 U.S. at 7); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will order the U.S. Marshal to effect service upon all the remaining RJD Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28

/ / /

U.S.C. § 1915.").[2]

**III. CONCLUSION**

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. section 1915(a) (ECF No. 2);

2. **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $29.73 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. section 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Defendant Scott Kernan and **DIRECTS** the Clerk to terminate him as a party to this matter based on Plaintiff's failure to state a claim against him pursuant to 28 U.S.C. sections 1915(e)(2)(B)(ii) and 1915A(b)(1);

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon the remaining Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of them. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve the remaining Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

possible, *include an address where each Defendant may be found and/or subject to service pursuant to* S.D. Cal. Civ.L.R. 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint (ECF No. 1) and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a), *see* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A(b) and has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel and the date of that service. *See* S.D. Cal. Civ.L.R. 5.2. Any

/ / /
/ / /
/ / /
/ / /
/ / /

document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon the Defendants or their counsel may be disregarded.

**IT IS SO ORDERED**.

Dated: January 7, 2019

Hon. Janis L. Sammartino
United States District Judge